UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

PRIMERICA LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

ANTHONY YOUNG, RICHARD J. REED III,
DALVIN DEVINE, SIMMON S. REED, and
BETTY L. REED,

    Defendants.
_____/

## PLAINTIFF PRIMERICA LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Plaintiff Primerica Life Insurance Company ("Primerica") files this Complaint for Interpleader against Defendants Anthony Young, Richard J. Reed III, Dalvin Devine, Simmon S. Reed, and Betty L. Reed (collectively referred to as "Claimants"), and alleges as follows:

### PARTIES

1. Primerica is incorporated under the laws of Tennessee with its principal place of business in Duluth, Georgia. Thus, Primerica is a citizen of Tennessee and Georgia.

2. Anthony Young ("Anthony") is an individual citizen of and domiciled in Hillsborough County, Florida. Anthony is the son of Richard Reed, Jr. (the "Deceased").

3. Richard J. Reed III ("Richard") is an individual citizen of and domiciled in Hillsborough County, Florida. Richard is the son of the Deceased.

4. Dalvin Devine ("Dalvin") is an individual citizen of and domiciled in Duval County, Florida. Dalvin is the son of the Deceased.

5. Simmon S. Reed ("Simmon") is an individual citizen of and domiciled in Orange County, Florida. Simmon is the nephew of the Deceased.

6. Betty L. Reed ("Betty") is an individual citizen of and domiciled in Bullock County, Alabama. Betty is the ex-wife of the Deceased.

7. At the time of his passing, the Deceased was an individual citizen of and domiciled in Hillsborough County, Florida.

## JURISDICTIONAL ALLEGATIONS

8. Primerica brings this action of interpleader of a sum that exceeds $500.00, exclusive of interest and costs.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between two or more of the Claimants, and the amount in controversy exceeds $500.00, exclusive of interest and costs.

10. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1397, because one or more of the Claimants resides in this District.

## FACTUAL ALLEGATIONS

11. On or about September 29, 1986, the Deceased completed an Application for Life Insurance with Massachusetts Indemnity and Life Insurance Company, now known as Primerica, in Florida, in which he requested coverage on his life and on the life of his then wife, Betty (the "Application"). A true and correct copy of the redacted Application is attached as **Exhibit "1."**

12. In the Application, the Deceased designated Betty as the primary beneficiary of his insurance coverage and his sons Anthony, Richard, and Dalvin (the "Children") as the contingent beneficiaries of his insurance coverage.

13. Thereafter, policy number xx-xxxx5062 was issued to the Deceased on or about October 24, 1986 (the "Policy") in Florida.

14. On or about April 16, 2015, the marriage of the Deceased and Betty was dissolved pursuant to a Final Judgment of Simplified Dissolution of Marriage (the "Divorce Decree") entered in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 15-DR-000733. A true and copy of the Divorce Decree is attached as **Exhibit "2."**

15. On or about June 7, 2021, the Deceased died in Hillsborough County, Florida.

16.   At the time of the Deceased's death, the benefit under the Policy was $50,000.00 (the "Policy Benefit").

17.   After the Deceased's death, Primerica received a Policy Change Application for Individual Term Life Insurance (the "Policy Change Application") on or about July 28, 2021, which the Deceased purportedly completed on or about March 27, 2020. A true and copy of the redacted Policy Change Application is attached hereto as **Exhibit "3."**

18.   In the Policy Change Application, the Deceased purportedly changed the primary beneficiary of his insurance coverage to Simmon, who is identified as his "son" rather than as his nephew. See Exhibit 3.

19.   On or about June 25, 2021, Primerica received Betty's Claimant's Statement, by which Betty sought to be paid the Policy Benefit. A true and correct copy of Betty's redacted Claimant's Statement is attached as **Exhibit "4."**

20.   On or about August 16, 2021, Simmon sent correspondence to Primerica claiming he is entitled to payment of the Policy Benefit pursuant to the Policy Change Application. A true and correct copy of the correspondence from Simmon dated August 16, 2021 is attached as **Exhibit "5."**

21.   On or about November 24, 2021, Primerica received a letter from an attorney representing Simmon demanding that payment of the Policy Benefit be mailed to Simmon. A true and correct copy of the letter is attached as **Exhibit "6."**

22. Betty contends that the Policy Change Application is ineffective and disputes the validity of the same. Accordingly, Betty contends that no beneficiary change occurred.

23. Section 732.703 of the Florida Statutes provides, in pertinent part, that for any residents of the State of Florida dying on or after July 1, 2012, a beneficiary designation in a life insurance policy in favor of "the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order." Fla. Stat. § 732.703(2).

24. Betty claims she was not revoked as the beneficiary and is entitled to payment of the Policy Benefit.

25. If the Policy Change Application is invalid, and Betty was revoked by statute and the Divorce Decree, the Policy Benefit is payable to the Children.

26. Due to the conflicting claims and demands for the Policy Benefit, and issues regarding the validity of the Policy Change Application and interpretation and application of section 732.703, Primerica is unable to determine which Claimant(s) is entitled to the Policy Benefit.

27. Primerica has retained the undersigned counsel to represent it in this action and has agreed to pay them a reasonable fee.

28. Primerica is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to applicable law.

## COUNT I - INTERPLEADER

29. Primerica incorporates by reference the allegations set forth in the paragraphs 1 through 28, inclusive, of the Complaint as if fully set forth herein.

30. At this time, there exist rival, adverse, and conflicting claims among the Claimants as to who is entitled to the Policy Benefit.

31. Primerica has done nothing to create the dispute over the entitlement to the Policy Benefit.

32. Due to the conflicting claims and demands for the Policy Benefit, Primerica is unable to determine which Claimant(s) is entitled to the Policy Benefit, is in danger of being exposed to double or multiple liability, and cannot safely pay the Policy Benefit without the aid of this Court.

33. Primerica has no interest in the Policy Benefit, is indifferent to the respective claims hereto and, therefore, is entitled to interplead the Policy Benefit into the Registry of the Court and be discharged from this action.

34. This cause is not brought in collusion with any party in the instant action and Primerica has no beneficial interest in the Policy Benefit.

35. Primerica is ready, willing, and able to deposit the Policy Benefit into the Court Registry, or to any other custodian or trustee the Court deems proper.

**WHEREFORE**, Plaintiff, Primerica Life Insurance Company, respectfully requests the following relief:

A.    That this Court take jurisdiction over the parties, and permit Primerica to deposit the Policy Benefit with the Registry of the Court;

B.    That this Court issue an order requiring the Claimants to the above-styled cause to interplead as to their rights and settle or litigate among themselves their claims and rights to the Policy Benefit;

C.    That Primerica be discharged from all liability to the Claimants to this action concerning Primerica's obligations pursuant to the Policy or the Policy Benefit;

D.    That the Claimants be enjoined and prohibited from instituting any actions against Primerica and/or its agents, affiliates, employees, and servants, regarding the Policy or the Policy Benefit;

E.    That Primerica be awarded costs and reasonable attorneys' fees, to be paid from the Policy Benefit, for bringing this action;

F.    That Primerica be dismissed as a party to this action; and

G.    For such other and further relief as this Court deems just, equitable and proper.

Dated:    January 31, 2022.

**FOX ROTHSCHILD LLP**

By:   *s/ Megan A. McNamara*
      Amy S. Rubin
      Florida Bar No: 476048
      arubin@foxrothschild.com
      Megan A. McNamara
      Florida Bar No: 112636
      mmcnamara@foxrothschild.com
      777 S. Flagler Drive
      Suite 1700 – West Tower
      West Palm Beach, FL 33401
      Telephone: (561) 835-9600
      Facsimile: (561) 835-9602

      *Attorneys for Plaintiff, Primerica Life Insurance Company*