**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:22-cv-00256-MSS-TGW**

PRIMERICA LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

ANTHONY YOUNG, RICHARD J. REED III,
DALVIN DEVINE, SIMMON S. REED, and
BETTY L. REED,

    Defendants.

_____/

**PLAINTIFF PRIMERICA LIFE INSURANCE COMPANY'S**
**MOTION TO INTERPLEAD POLICY BENEFIT INTO REGISTRY**
**OF THE COURT, FOR INJUNCTION, AND DISMISSAL**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 67(a) of the Federal Rules of Civil Procedure and Local Rule 3.01, Plaintiff Primerica Life Insurance Company moves for entry of an Order permitting Primerica to interplead the subject life insurance policy benefit into the Registry of the Court, enjoining the Defendants from instituting or continuing any proceeding against Primerica, and dismissing Primerica as a party to this action.

## I. Introduction

Primerica filed this interpleader action as a disinterested stakeholder claiming no beneficial interest in the life insurance proceeds (the "Benefit") to

Primerica Life Insurance Company Policy Number xx-xxxx5062 (the "Policy") insuring the life of Richard Reed Jr. (the "Deceased"). At the time of the Deceased's death, the Benefit was $50,000.00. Betty L. Reed, Anthony Young, Richard J. Reed III, Dalvin Devine, and Simmon S. Reed (collectively, "Claimants") have made conflicting claims and demands for the Benefit, leaving Primerica unable to determine which Defendant(s) is entitled to the Benefit.

Specifically, on or about September 29, 1986, the Deceased completed an Application for Life Insurance with Primerica (the "Application"), in which he designated Betty, his then-wife, as the primary beneficiary of his insurance coverage, and his sons Anthony, Richard, and Dalvin (the "Children") as the contingent beneficiaries of his insurance coverage. See Doc. 1, Ex. 1. On or about April 16, 2015, the Deceased and Betty were divorced pursuant to a Final Judgment of Simplified Dissolution of Marriage (the "Divorce Decree"). See Doc. 1, Ex. 2. Five years later, on March 27, 2020, the Deceased completed a Policy Change Application for Individual Term Life Insurance (the "Policy Change Application"), in which he purportedly changed the beneficiary of his insurance coverage to Simmon. See Doc. 1, Ex. 3. Simmon is the Deceased's nephew, but in the Policy Change Application, Simmon is identified as his son. See id.

On January 31, 2022, Primerica filed its Complaint for Interpleader [Doc. 1] seeking to interplead the Benefit and be discharged from this action and liability

to the Claimants. Betty retained counsel who appeared in this action [Doc. 19] and moved for enlargement of time to respond to Primerica's Complaint [Doc. 18]. Subsequently, Betty's counsel advised that she would not be pursuing any claim to the Benefit. On April 5, 2022, Betty executed a Disclaimer of Interest [Doc. 35-1], and Primerica and Betty stipulated to her dismissal from this lawsuit [Doc. 36].[1]

Richard filed his Answer to the Complaint [Doc. 12] disputing that his father changed the beneficiary of the Policy to Simmon and claiming he is entitled to one-third of the Benefit. Anthony and Dalvin also filed their Answer to the Complaint [Doc. 31[2]] asserting that the Policy Change Application is void and they are entitled to a portion of the Benefit.

Simmon filed his Answer to the Complaint [Doc. 28] claiming he is entitled to the Benefit pursuant to the Policy Change Application. Disregarding the

---

[1] Although Betty has now disclaimed any interest that she had or may have had in the Benefit, Betty did not execute the Disclaimer of Interest until April 5, 2022 – well after Primerica filed the instant lawsuit on January 31, 2022, and after counsel appeared on her behalf and moved for an extension of time to respond to the Complaint. Moreover, prior to executing the Disclaimer of Interest, Betty at all times maintained that she was entitled to the Benefit, including by submitting a Claimant's Statement to Primerica seeking to be paid the Benefit, disputing the validity of the Policy Change Application, denying that she was revoked as the beneficiary of the Policy by virtue of the Divorce Decree and Florida law, and refusing to disclaim any interest she had in the Benefit.

[2] Anthony and Dalvin originally filed a Counterclaim for breach of contract against Primerica [Doc. 31], but they have since voluntarily dismissed the Counterclaim [Doc. 40].

3

contractual relationship between Primerica and the Deceased, the express terms of the Policy, and the well-settled independent tort doctrine, Simmon also filed a Counter-Petition for Negligence against Primerica [Doc. 28]. Since Simmon's Counter-Petition is legally deficient and wholly contrary to Primerica's legal right of interpleader as a disinterested stakeholder faced with adverse claims that cannot be simultaneously satisfied, Primerica filed a Motion to Dismiss the Counter-Petition with prejudice [Doc. 38].

Due to the conflicting claims and demands for the Benefit, Primerica is unable to determine which Defendant(s) is entitled to the Benefit, is in danger of being exposed to double or multiple liability, and cannot safely pay the Benefit without the aid of the Court. Primerica is a disinterested stakeholder claiming no beneficial interest in the Benefit, is indifferent to the competing claims thereto, and has acted in good faith and not in collusion with any of the Defendants. Accordingly, pursuant to the applicable law detailed herein, Primerica is entitled to entry of an order permitting Primerica to interplead the Benefit into the Registry of the Court, enjoining the Defendants from instituting or continuing any proceeding against Primerica or its agents, and dismissing Primerica from this action.[3]

---

[3] Primerica does not seek an award of its fees or costs in connection with this Motion. However, in the event it is not dismissed from this action and is required

4

## II.  Memorandum of Law

**A. Primerica is entitled to interplead the Benefit and be dismissed from this action.**

"Interpleader is designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit." Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L., 699 F. Supp. 2d 1344, 1348 (S.D. Fla. 2010). "[T]he very purpose of a suit in interpleader is to prevent the prosecution of other suits against the complainant in interpleader and to require those claiming the funds in the hands of the interpleader to litigate their differences between themselves." Miller v. Gulf Life Ins. Co., 3 So. 2d 519, 520 (Fla. 1941); see John Alden Life Ins. Co. v. Vanlandingham, 2006 WL 1529047, at *4 (M.D. Fla. May 30, 2006) ("The purpose of interpleader is to protect a stakeholder from the possibility of defending multiple claims.").

To state a claim for interpleader, a stakeholder is only required to show that it has been or may be subjected to adverse claims that cannot be simultaneously satisfied. Jacques v. Prudential Ins. Co. of Am., 2016 WL 3746538, at *3 (M.D. Fla. July 12, 2016), order clarified sub nom. Jacques v. Jacques, 2016 WL 6493927 (M.D.

---

to defend against the meritless Counter-Petition filed by Simmon, Primerica expressly reserves its right to seek an award of fees and costs.

5

Fla. Nov. 2, 2016). As set forth by the United States District Court for the Middle District of Florida in Jacques:

> To state a cause of action for interpleader, a stakeholder need only "demonstrate that he has been or may be subjected to adverse claims." It is enough that the claims *could* bring about multiple liability. "The adverse claims need not be formal, and the stakeholder need not judge the merits of the claims."
>
> …
>
> [The plaintiff] argues the interpleader action should be dismissed because she is the only person entitled to payment. (Doc. #11 at ¶ 1). However, the argument is premature as resolution of the argument would require the Court to reach the merits of the claims. See Ohio Nat'l Life Assurance, 2006 WL 3162354, at *2 ("[T]he stakeholder need not judge the merits of the claims."). At this stage, it is sufficient that two different parties (for which [the defendant] provided beneficiary designation forms) made claims for the death benefit that cannot be simultaneously satisfied.

Id. Thus, the stakeholder is not required to judge the merits of the competing claims, and the court does not reach the merits of the claims during the first stage of interpleader. See id.

In Orseck, the United States District Court for the Southern District of Florida explained the first stage of an interpleader action as follows:

> An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. … District courts addressing the first phase of an interpleader action may also determine if the stakeholder is disinterested—i.e., makes no claim to the res—and, **if so, discharge it from liability and dismiss it from the action**. This practice is **particularly common in**

> **cases involving competing claims to life insurance proceeds** where the interpleading insurers—as disinterested stakeholders—deposit the res into the court's registry and request immediate dismissal from the action (as well as fees and costs incurred in connection therewith).

699 F. Supp. 2d at 1348 (citations omitted) (emphasis added). Accordingly, in the first stage of interpleader, the court simply determines whether (1) there is a single fund at issue, and (2) there are competing claimants to that fund. See id.

In the instant case, the Benefit is a single fund and there are rival, adverse, and conflicting claims among the Defendants as to who is entitled to the Benefit. The Children claim that the Policy Change Application is void, and further, that Betty was revoked as the beneficiary by virtue of the Divorce Decree and applicable law. Accordingly, the Children assert that they are entitled to the Benefit as the contingent beneficiaries designated by the Deceased in the Application. Simmon contends that the Policy Change Application is valid and he is the sole beneficiary entitled to the Benefit. Due to the conflicting claims and demands, Primerica is unable to determine which Defendant(s) is entitled to the Benefit, is in danger of being exposed to double liability, and cannot safely pay the Benefit without the aid of the Court.

Primerica is a disinterested stakeholder claiming no beneficial interest in the Benefit and has acted in good faith in bringing this interpleader action before the Court. Accordingly, Primerica should be permitted to interplead the Benefit into the Registry of the Court and be dismissed from this action with prejudice.

### B. The Defendants should be enjoined from instituting or continuing any action against Primerica or its agents.

A court "may enter an order relieving the interpleader plaintiff of further responsibility and enjoin the interpleaded defendants from bringing further action against that plaintiff with regard to the disputed funds." Kurland v. United States, 919 F. Supp. 419, 421 (M.D. Fla. 1996). Moreover, 28 U.S.C. § 2361 authorizes the district courts to enter an order restraining the claimants "from instituting a proceeding in any state or federal court affecting the property at issue in an interpleader action instituted pursuant to 28 U.S.C. § 1335." Columbus Life Ins. Co. v. Allen, 2014 WL 12618186, at *3 (M.D. Fla. Dec. 8, 2014). Therefore, each of the Defendants should be enjoined from instituting or continuing any proceedings against Primerica and/or its agents relative to the Policy or Benefit. Moreover, Simmon's Counter-Petition for Negligence [Doc. 28] should be dismissed with prejudice for the reasons set forth in Primerica's Motion to Dismiss [Doc. 38].

**WHEREFORE**, Plaintiff, Primerica Life Insurance Company, requests this Court enter an Order, providing for the following:

(a) Permitting Primerica to deposit the Benefit, plus any accrued interest, into the Registry of the Court;

(b) Requiring the Defendants to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Benefit;

(c) Restraining the Defendants from instituting any proceeding or

commencing or continuing any action against Primerica and/or its agents in relation to the Policy and/or the Benefit;

(d)     Discharging Primerica and/or its agents from any and all liability or responsibility concerning the Policy and/or Benefit;

(e)     Dismissing Primerica as a party to this action; and

(f)     For such other and further relief as this Court deems just, equitable and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

I certify that I have conferred with counsel for **Anthony Young** and **Dalvin Devin**e, who **agree** to the relief requested by Primerica in this Motion.

I certify that I have also conferred with counsel for **Simmon S. Reed** and the parties were **unable to agree** on the resolution of this Motion. The conference occurred by telephone on April 18, 2022, and continued via email on April 20, 2022, April 21, 2022, and April 25, 2022.

The undersigned has not conferred with **Richard J. Reed III**, as he did not provide his contact information with his response to the Complaint. See Doc. 12.

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the

foregoing document is being served this day on all parties or counsel of record identified on the attached Service List in the manner specified

**Dated:** April 26, 2022.  **FOX ROTHSCHILD LLP**

By: */s/ Megan A. McNamara*
Amy S. Rubin
Florida Bar No: 476048
arubin@foxrothschild.com
Megan A. McNamara
Florida Bar No: 112636
mmcnamara@foxrothschild.com
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

*Attorneys for Plaintiff, Primerica Life Insurance Company*

## SERVICE LIST
*Primerica Life Insurance Company v. Anthony Young et al.*
**Case No.: 8:22-cv-00256-MSS-TGW**

| | |
|---|---|
| *Via CM/ECF*<br>Amy S. Rubin<br>arubin@foxrothschild.com<br>Megan A. McNamara<br>mmcnamara@foxrothschild.com<br>FOX ROTHSCHILD LLP<br>777 South Flagler Drive<br>Suite 1700 West Tower<br>West Palm Beach, FL 33401<br>Tel: 561-835-9600<br>Fax: 561-835-9602<br><br>*Attorneys for Plaintiff* | *Via CM/ECF*<br>A. Paul Cain<br>service@riseuplegal.com<br>service@riseuplegal.net<br>Rise Up Legal<br>1400 Marsh Landing Parkway<br>Suite 108<br>Jacksonville Beach, FL 32250<br>Tel: 904-877-1010<br><br>Jeffrey D. Harper<br>jeff.harper@harperlawpllc.com<br>The Law Office of Jeffrey D. Harper, PLLC<br>16216 Dowing Creek Drive<br>Jacksonville, FL 32218<br>Tel: 904-321-7551<br><br>*Attorneys for Dalvin Devine & Anthony Young* |
| *Via U.S. Mail*<br>Richard J. Reed III<br>4808 N. 32nd Street<br>Tampa, FL 33610 | *Via CM/ECF*<br>Kaydell Wright-Douglas<br>kwrightdouglas@verizon.net<br>Kaydell Wright-Douglas, Esquire, P.A.<br>110 North Armenia Avenue, Suite A<br>Tampa, FL 33609<br>Tel: (813) 254-4623<br>Fax: (813) 251-5373<br><br>*Attorneys for Simmon S. Reed* |